IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
100 E. FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

NO. 13-3576

QUEEN MOUNTAIN MINING CORP.
PETITIONER,

V.

IRENE GIBSON, widow of HERBERT GIBSON
RESPONDENT,

AND

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR
PARTY-IN-INTEREST.

---

PETITION FOR REVIEW OF AN ORDER OF THE
BENEFITS REVIEW BOARD, UNITED STATES
DEPARTMENT OF LABOR

BRIEF OF PETITIONER

---

H.Brett Stonecipher
Tighe A. Estes
Fogle Keller Purdy
300 E. Main St., Suite 400
Lexington, KY 40507
*Counsel for Petitioner*

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

No. **13-3576**                    Caption:       **QUEEN MOUNTAIN MINING CORP v. GIBSON, ET AL.**

Pursuant to FRAP 26.1 and Local Rule 26.1

Queen Mountain Mining Corp., who is Petitioner, makes the following disclosure:

1.    Is party/amicus a publicly held corporation or other publicly held entity?

             _____ YES    __x__ NO

2.    Does party/amicus have any parent corporations?

             _____ YES    __x__ NO

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?

             _____ YES    __x__ NO

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?

             __x__ YES    _____ NO  Insurer  American Resources Ins. Co.

5.    Is party a trade association? (amici curiae do not complete this question)

             _____ YES    __x__ NO

6.    Does this case arise out of a bankruptcy proceeding?

             _____ YES    __x__ NO

## TABLE OF CONTENTS

DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS.................ii

TABLE OF AUTHORITIES..............................................................................iii

STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE REVIEW...........................................................................................................1

STATEMENT OF THE ISSUES........................................................................2

STATEMENT ON ORAL ARGUMENT...........................................................2

STATEMENT OF THE CASE...........................................................................2

STATEMENT OF FACTS..................................................................................3

ARGUMENT.....................................................................................................4

**I.    THE FINAL ADJUDICATION OF THE CLAIMANT'S PRIOR CLAIM BARS THE CURRENT CLAIM UNDER THE DOCTRINE OF RES JUDICATA, AND BRINGS THE CURRENT CLAIM OUTSIDE THE SCOPE OF § 1556**

**II.    ANY BENEFITS PAYABLE BEGIN ON MARCH 23, 2010**

CONCLUSION.................................................................................................12

CERTIFICATE OF COMPLIANCE.................................................................12

CERTIFICATE OF SERVICE..........................................................................12

APPENDIX

## TABLE OF AUTHORITIES

**CASES**

*Eastover Mining Co. v. Williams*, 338 F.3d 501 (6th Cir. 2003)…………………………………4

*Peabody Coal Co. v. Greer*, 62 F.3d. 801 (6th Cir. 1995)……………………………………...4

*Gibas v. Saginaw Mining Co.*, 748 F.2d 1112 (6th Cir. 1984)…………………………………4

*Arch of Kentucky v. Director, OWCP [Hatfield]*, 556 F.3d 472 (6th Cir. 2003)………………4

*Grundy Mining Co. v. Flynn*, 353 F.3d 467 (6th Cir. 2003)……………………………………4

*National Federation of Independent Business v. Sebelius* (U.S. Sup. Ct., No. 11-393, Slip Op., June 28, 2012)………………………………………………………………………………4

*Director, OWCP v. Greenwich Collieries*, 512 U.S. 267 (1994)………………………………5

*Director, OWCP v. Newport News Shipbldg & Dry Dock Co.*, 514 U.S. 122 (1995)……………5

*Accord Morrison-Knudsen Constr. Co. v. Director, OWCP*, 461 U.S. 624 (1983)……………...5

*Potomac Elec. Power Co. v. Director, OWCP*, 449 U.S. 258 (1980)…………………………5

*Kurcana v. Holder*, 558 U.S. (2010)

*Rapanos v. United States*, 547 U.S. 715 (2006)………………………………………………...5

*Richards v. Union Carbide*, 25 BLR 1-31 (2012)……………………………………………6-7

In *Oklahoma Chapter of the American Academy of Pediatrics (OKAAP) v. Fogarty*, 2010 WL 3341881 (10th Cir. 2010), unpub., (attached)……………………………………………………7

*Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995)…………………………………………7

*Pittston Coal Group v. Sebben*, 488 U.S. 105 (1988)…………………………………………7

*Bowsher v. Merck & Co.*, 460 U.S. 824 (1983)………………………………………………...9

*Ratzlaf v. United States*, 510 U.S. 135 (1994)…………………………………………………9

*Vision Processing, LLC v. Groves*, 6th Cir. No. 11-3702 (6th Cir. Jan. 30, 2013)……………9

*Brown v. Director, OWCP*, 864 F.2d 120 (11th Cir. 1989)……………………………………9

*Adkins v.Director, OWCP*, 889 F.2d 1360 (4th Cir. 1989)................................................9

*Bennett v. Director*, OWCP, 717 F.2d 1167 (7th Cir. 1983).............................................9

*Wellman v. Director, OWCP,* 706 F.2d 191 (6th Cir. 1983).............................................9

*Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981)................................9

*Buck Creek Coal Co. v. Sexton*, 6th Cir. No. 11-4304 (Jan. 10, 2013)...............................10

*U.S. Steel Mining Co. v. Director, OWCP*, 386 F.3d 977 (11th Cir. 2004).........................10

*Verderane v. Case Jacksonville Shipyards, Inc.*, 772 F.2d 775, 780 (11th Cir 1985).............10

*Watts v. Peabody Coal Co.*, 17 BLR 1-68 (1992).....................................................10

*Cumberland River Coal Co. v. Banks*, 690 F.3d 477 (6th Cir. 2012).................................10

*Coleman v. Director, OWCP*, 345 F.3d 861 (11th Cir. 2003).......................................11

*USX Corporation v. Director, OWCP*, 978 F.2d 656 (11th Cir. 1992)..............................11

**STATUTES**

The Patient Protection and Affordable Care Act,  Pub. L. No. 111-148 § 1556 (2010)........1, 3, 5

The Longshore Act, 33 USC 921, *et seq*........................................................1, 6, 8

The Black Lung Act, 30 USC 932, *et seq*.......................................................3, 6

Administrative Procedure Act, 5 U.S.C. 551, *et seq*.............................................5

**REGULATIONS**

20 C.F.R. 725.482.............................................................................1

29 C.F.R. 18.40.............................................................................4

**OTHER**

156 Cong. Rec. 52083 (March 25, 2010) (Statement of Senator Byrd)..............................10

## STATEMENT OF SUBJECT MATTER JURISDICTION
## AND BASIS FOR APPELLATE REVIEW

This appeal involves the applicability and constitutionality of the Patient Protection and Affordable Care Act ("PPACA"), Pub. L. No. 111-148 § 1556 (b) and (c) (2010), to an application for survivor's benefits where the living miner's claim was filed in 1992 and resolved before the date of enactment of the PPACA. The Board issued a decision and order affirming the award of benefits. The Board exercised jurisdiction to do so pursuant to § 21(a) of the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 921(a), as incorporated by 30 U.S.C. § 932(a), which allows an aggrieved party thirty days to appeal an ALJ's decision to the Board. That order conclusively determined the merits of Ms. Gibson's' claim, thus giving this Court the jurisdiction to an appeal of this final order under 33 U.S.C. § 921(c), incorporated by reference into 30 U.S.C. § 932(a). The jurisdictional time limit for filing an appeal from a final order of the board is sixty (60) days. 33 U.S.C. § 921(c), 20 C.F.R. § 725.482(a). The Board issued its final order on March 11, 2013, and Queen Mountain filed its appeal with this Court on May 8, 2013. 2011. In addition, the injury alleged in this case, within the meaning of § 21(c) of the Longshore Act, arose in the Commonwealth of Kentucky. Thus, this court has both appellate and subject matter jurisdiction to review the Board's decision.

Claimant's entitlement to survivor's benefits has previously been litigated, and no request for rehearing or subsequent request for modification the Proposed Decision and Order of Denial issued on May 31, 2005, was made, that decision is now final. Accordingly, that prior adjudication removes the current claim from the scope of § 1556 and bars the current action under the doctrine of res judicata. Queen Mountain respectfully requests that this Court vacate

1

the order granting Irene Gibson survivor benefits, because it is barred under the doctrine of res judicata.

## STATEMENT OF THE ISSUES

1. **WHETHER THE FINAL ADJUDICATION OF THE CLAIMANT'S PRIOR CLAIM BARS THE CURRENT CLAIM UNDER THE DOCTRINE OF RES JUDICATA, AND BRINGS THE CURRENT CLAIM OUTSIDE THE SCOPE OF § 1556.**

2. **WHEN DOES THE OPERATIVE DATE FOR BEGINNING OF BENEFITS OCCUR?**

## STATEMENT ON ORAL ARGUMENT

Queen Mountain does not seek oral argument in this appeal.

## STATEMENT OF THE CASE

The living miner's claim was filed in 1992 and resolved before the date of enactment of the PPACA. Queen Mountain submits that PPACA was incorrectly applied in this case, and only applies where the living miner claim is filed after January 1, 2005, and pending on or after March 23, 2010. Because the Claimant's entitlement to survivor's benefits has previously been litigated, and no request for rehearing or subsequent request for modification the Proposed Decision and Order of Denial issued on May 31, 2005, was made, that decision is now final. That prior adjudication removes the current claim from the scope of § 1556 and bars the current action under the doctrine of res judicata.

Queen Mountain respectfully requests that this Board vacate the Administrative Law Judge's order granting Irene Gibson survivor benefits, because it is barred under the doctrine of res judicata. If the Board finds that the action is not so barred, Queen Mountain requests that Judge Solomon incorrectly concluded that the PPACA applied in this claim. This claim should

then be remanded for a hearing to determine whether Mr. Gibson's death was due to pneumoconiosis.

## STATEMENT OF FACTS

Herbert Gibson originally filed a claim for Federal Black Lung benefits on July 8, 1992. Mr. Gibson was ultimately awarded benefits on June 3, 1998. At that time, 30 U.S.C. 932(l) read:

> In no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits under this title at the time of his or her death be required to file a new claim for benefits, or refile or otherwise revalidate the claim of such a miner, ***except with respect to a claim filed under this part on or after the effective date of the Black Lung Benefits Amendments of 1981.***

(Emphasis added).

Subsequently, Mr. Gibson passed away on June 13, 2004. His surviving spouse, Mrs. Irene Gibson, filed a claim for Federal Black Lung Survivors benefits on July 12, 2004. This claim was denied by the District Director in a Proposed Decision and Order on May 31, 2005, due to failure to establish death due to pneumoconiosis. A hearing was not requested, and there was no request for modification filed within the next year.

The Patient Protection and Affordable Care Act, Pub. L. No. 111-148 Section 1556 (2010) ("PPACA"), was subsequently signed into law on March 23, 2010. Mrs. Gibson then filed her second and current claim for survivor's benefits on July 19, 2010 alleging entitlement under the automatic benefits provision under § 1556 of the PPACA. On August 4, 2010, the District Director issued a Proposed Decision and Order Award of Benefits awarding automatic benefits under § 1556. On August 15, 2010, the Employer requested a hearing, and the claim was transferred by the District Director to the Office of Administrative Law Judges.

On December 15, 2011, Mrs. Gibson filed a Motion for Automatic Entitlement. Administrative Law Judge Daniel F. Solomon accepted this Motion as a motion for summary judgment under 29 C.F.R. § 18.40, and, by Decision and Order Award of Benefits dated April 9, 2012, cancelled the hearing requested by Queen Mountain Mining and ruled that the automatic entitlement provisions of PPACA apply to the Claimant's claim for benefits and the Claimant is thus entitled to an automatic award. Queen Mountain Mining had requested that a decision on the case be held in abeyance pending decisions from the Sixth Circuit Court of Appeals and the United States Supreme Court[1], which are expected to resolve legal arguments raised by the Employer in this case; this request was denied. The Board affirmed. Queen Mountain Mining appeals from those lower decisions.

## ARGUMENT

This case requires the Court to consider questions of law. On such questions, the Court considers the case de novo. *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 (6th Cir. 2003); *Peabody Coal Co. v. Greer*, 62 F.3d 801, 804 (6th Cir. 1995) ("This Court has plenary authority to review the Board's legal conclusions.") (citing *Gibas v. Saginaw Mining Co.*, 748 F.2d 1112, 1119 (6th Cir. 1984)). That plenary review extends to issues relating to the application of res judicata. See *Arch of Kentucky v. Director, OWCP [Hatfield]*, 556 F.3d 472, 477-79 (6th Cir. 2009). Although this is the standard of review prescribed by statute, in *Hatfield* and other cases, this Court has suggested that a different approach applies to black lung adjudications based on the remedial nature of the BLBA. See, *Hatfield*, 556 F.3d at 482; *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 476 (6th Cir. 2003). An approach favoring claimants lacks statutory authority

---

[1] On June 28, 2012, the United States Supreme Court upheld, generally, the constitutionality of the PPACA in its decision in *National Federation of Independent Business v. Sebelius* (U.S. Sup. Ct., No. 11-393, Slip Op., June 28, 2012).

either in the BLBA or the Administrative Procedure Act, 5 U.S.C. §§ 551-59, and is prohibited by *Director, OWCP v. Greenwich Collieries*, 512 U.S. 267 (1994). The APA requires that all parties be treated equally. 5 U.S.C. § 559. And, the Supreme Court has rejected the notion that "the statute at hand should be liberally construed to achieve its purpose," terming the argument as "that last redoubt of losing causes." *Director, OWCP v. Newport News Shipbldg & Dry Dock Co.*, 514 U.S. 122, 135 (1995). *Accord Morrison-Knudsen Constr. Co. v. Director, OWCP*, 461 U.S. 624, 635 (1983); *Potomac Elec. Power Co. v. Director, OWCP*, 449 U.S. 258, 268, 279 (1980). See also *Kurcana v. Holder*, 558 U.S. (2010), ("[N]o law pursues its purpose at all costs, and … the textual limitations upon a law's scope are not less a part of hits 'purpose' than its substantive authorizations.") (quoting *Rapanos v. United States*, 547 U.S. 715, 752 (2006)). The remedial or liberal purpose of the statute is not a proper lens through which to view this case. In this case, there is no possible basis for abrogating the separation of powers doctrine and no statutory authorization for the waiver of finality. That should be the end of the inquiry. If a "liberal" approach leads to a different result, it is impermissible for the reasons articulated by the Supreme Court. *Id.* Reversal is required in this case because the agency decision has no valid basis in law.

I.  **THE FINAL ADJUDICATION OF THE CLAIMANT'S PRIOR CLAIM BARS THE CURRENT CLAIM UNDER THE DOCTRINE OF RES JUDICATA, AND BRINGS THE CURRENT CLAIM OUTSIDE THE SCOPE OF § 1556.**

The relevant sections of the PPACA and the Black Lung Act are as follows:

SEC. 1556. EQUITY FOR CERTAIN ELIGIBLE SURVIVORS.

(b) CONTINUATION OF BENEFITS.—Section 422(l) of the Black Lung Benefits Act (30 U.S.C. 932(l)) is amended by striking '',except with respect to a claim filed under this

part on or after the effective date of the Black Lung Benefits Amendments of 1981''.

(c) EFFECTIVE DATE.—The amendments made by this section shall apply with respect to **claims** filed under part B or part C of the Black Lung Benefits Act (30 U.S.C. 921 et seq., 931 et seq.) **after January 1, 2005**, that are **pending on or after the date of enactment of this Act**.

30 U.S.C. 932(l) (as amended):

In no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits under this subchapter at the time of his or her death be required to file a **new claim** for benefits, or re-file or otherwise revalidate the **claim** of such miner.

PPACA calls for three things to occur for an automatic continuation of benefits: (1) there has to be an award of benefits in a living miner claim to be continued; (2) the "claim" has to be filed after January 1, 2005; and (3) that claim must be pending on or after March 23, 2010, when PPACA was enacted. Nowhere in this language did PPACA eliminate the finality provisions as incorporated into the Act by Section 422(a). When amending Section 422(*l*), Congress did not amend the finality provisions to render them inapplicable to PPACA amendments.

The Black Lung Benefits Act incorporates the finality provisions of 33 U.S.C. § 921 by application of 30 U.S.C. § 932(a). When Congress amended Section 422(*l*) of the Act in March 2010, it did not suggest that any claims were exempted from the finality provisions of Section 422(a), incorporating 33 U.S.C. § 921. Any such construction of PPACA's amendments to the Act to allow for new claims by widows under Section 725.309 is wholly unsupported by any action taken by Congress.

The failure of the ALJ and the Board to apply finality in this case was error as a matter of law and must be reversed. The Board in this case relied upon its decision in *Richards v. Union*

*Carbide*, 25 BLR 1-31 (2012), allowing duplicate claims to be filed by widow's under Section 725.309. *Richards* is in no way binding on this Court and that decision is erroneous. Contrary to the Board's reasoning in *Richards*, the PPACA amendments do not constitute a basis to ignore the mandatory principles of finality. In *Oklahoma Chapter of the American Academy of Pediatrics (OKAAP) v. Fogarty*, 2010 WL 3341881 (10th Cir. 2010), unpub., (attached) the Court ruled that Congress in the PPACA did not provide "the basis for granting relief from long-final judicial decisions." The Court in *Fogarty*, explained that:

> [I]t is understandable why Congress chose not to include any such language in the actual text of the amendment: the Supreme Court has made clear that, "[h]aving achieved finality,…a judicial decision becomes the last word of the judicial department with regard to a particular case or controversy, and Congress may not declare by retroactive legislation that the law applicable to that very case was something other than what the courts said it was." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 227, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995). In other words, we presume that Congress was well aware, given the holding in *Plaut*, that the amendment could not operate to call into question the finality of our judgment in this case.

The holding in *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 227 (1995), as applied to the PPACA amendments in Fogarty, applies with equal force here. In *Pittston Coal Group v. Sebben*, 488 U.S. 105, 122-123 (1988), the Supreme Court rejected the notion that principles of finality can be ignored by an amendment to the Black Lung Benefits Act. The Court ruled that:

> With respect to claims filed between the effective date of the BLBRA and that of the permanent Labor regulations, and with respect to claims filed before the effective date of the BLBRA but not yet adjudicated at that time, there is not even a colorable basis for the contention that Congress has imposed a duty to reconsider finally determined claims. And with respect to the already adjudicated pre-BLBRA claims that 30 U.S.C. § 945 required the Secretary to readjudicate under the new, interim Labor regulation, a basis for reopening can be found only if one interprets § 945 to override the principle of res judicata not just once but perpetually,

requiring readjudication and re-readjudication (despite the normal rules of finality) until the Secretary finally gets it right. But there is no reason to interpret a command to readjudicate pursuant to a certain standard as permitting perpetual reopening, until the Secretary gets it right, than there is to interpret a command to adjudicate in this fashion. *That is to say, one could as plausibly contend that every statutory requirement that adjudication be conducted pursuant to a particular standard permits reopening until that requirement is complied with. This is not the way the law works.* The pre-BLBRA claimants received what § 945 required: a re-adjudication of their cases governed by the new statutorily prescribed standards. Assuming they are correct that these new standards would have entitled them to benefits, they would have been vindicated if they had sought judicial review; they chose instead to accept incorrect adjudication. They are in no different position from any claimant who seeks to avoid the bar of *res judicata* on the ground that the decision was wrong.

(Emphasis supplied.)

Principles of finality are mandatory under the Act and apply, whether the final result was right or wrong. Pursuant to 33 U.S.C. § 921(a), as incorporated by Section 422(a) of the Act:

(a) Effectiveness and finality of orders

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in Section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subsection (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

(Emphasis supplied). 33 U.S.C. § 921(e) provides:

(e) Institution of proceedings for suspension, setting aside, or enforcement of compensation orders

Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, *shall not be instituted otherwise than as provided in this section and Section 918 of this title.*

(Emphasis supplied). The plain meaning of the statute must apply and each word in the statute must be given meaning. *Bowsher v. Merck & Co.*, 460 U.S. 824, 833 (1983); *Ratzlaf v. United States*, 510 U.S. 135, 140-41(1994). The amendments to Section 422(*l*) could not constitute a basis to set aside the final denial as otherwise plainly provided in Sections 921(a) and 921(e). The ALJ's contrary ruling and the Board's decision were erroneous as a matter of law under the plain terms of the finality provisions contained in the Act. As held in *Vision Processing, LLC v. Groves*, 6th Cir. No. 11-3702 (6th Cir. Jan. 30, 2013), the plain statutory language must control application of the Section 422(*l*) amendments.[2]

The courts have strictly enforced the statutory requirement for finality, recognizing the underlying public policy to bring litigation to an end. *Brown v. Director, OWCP*, 864 F.2d 120, 123-24 (11th Cir. 1989), as quoted in *Adkins v.Director, OWCP*, 889 F.2d 1360, 1362 (4th Cir. 1989). See also *Bennett v. Director*, OWCP, 717 F.2d 1167 (7th Cir. 1983); *Wellman v. Director, OWCP*, 706 F.2d 191 (6th Cir. 1983). The Supreme Court has held that "there is no simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'" *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).

The limited legislative history of Section 1556, which consisted of some statements by Senator Robert C. Byrd, did not support allowing a widow to avoid the final adjudication of her claim. Senator Byrd's comments reflected that Section 1556 would apply to "in accordance with 20 C.F.R. 725.309(c)." The regulation at Section 725.309(c) refers to claims filed within one year of a final denial, and which must be treated as a modification request under 20 C.F.R. § 725.310.

---

[2] *Vision Processing* did not involve a final prior denial of a widow's claim and, therefore, is distinguishable from the facts presented here. In *Vision Processing*, both the miner's claim and the widow's claim were filed after January 1, 2005. The miner died in 2006 and the widow filed her claim that same year (i.e., after January 1, 2005). There was never a final denial of the widow's claim, which was still pending on March 23, 2010. The Court ruled that under those facts Section 422(*l*), as amended by the PPACA, provided a valid basis for entitlement.

According to Senator Byrd, the intent was for the Section 422(*l*) provision to apply to "widows who never filed for benefits." 156 Cong. Rec. 52083 (March 25, 2010) (Statement of Senator Byrd).

An amendment to Section 422(*l*) of the Act does not constitute a "change" under Section 725.309. No factual element of entitlement has changed. "Change in condition" under the Act refers to a change in the miner's physical condition based on the notion that pneumoconiosis is a latent and progressive disease. See *Buck Creek Coal Co. v. Sexton*, 6th Cir. No. 11-4304 (Jan. 10, 2013); *U.S. Steel Mining Co. v. Director, OWCP*, 386 F.3d 977 (11th Cir. 2004); *Verderane v. Case Jacksonville Shipyards, Inc.*, 772 F.2d 775, 780 (11th Cir 1985). Progression of pneumoconiosis and change in the miner's condition is not possible in a deceased miner. *Watts v. Peabody Coal Co.*, 17 BLR 1-68 (1992). In this case, the only change is a change in the law. There has been no new body of evidence to support a "change" in finding under Section 725.309. See *Cumberland River Coal Co. v. Banks*, 690 F.3d 477 (6th Cir. 2012). An amendment to the Act cannot properly result in the reopening of every claim ever filed and finally decided. *Sebben*, supra. Such a result precludes any party from ever realizing the value of finality and, as such, "is not the way the law works." *Sebben*, supra.

As explained by this Court in *Buck Creek*, slip op at 5, in construing Section 725.309:

> A claimant is required to submit newly developed evidence to ensure that he is not merely re-litigating the prior claim. The latent and progressive nature of black lung disease ensures that a claimant's physical condition may be different at entirely different times, and thus, the claims are not the same. The § 725.309 standard "gives full credit to the *finality* of the original denial, but plainly recognizes that pneumoconiosis is a latent and progressive disease, and that a miner's condition can change over time." *U.S. Steel Mining Co.*, 386 F.3d at 990.

(Emphasis supplied.)

As such, Section 725.309 offers no valid basis to reopen the widow's claim to impose liability on the operator after a denial of the claim years before. The denial of Mrs. Gibson's claim became final after the May 31, 2005. See *Coleman v. Director, OWCP*, 345 F.3d 861 (11th Cir. 2003) (prior denied widow's claim not subject to reopening six years later); see also *USX Corporation v. Director, OWCP*, 978 F.2d 656 (11th Cir. 1992). That court ruled that:

> This provision [33 U.S.C. § 922] demonstrates Congress' concern that there be some point at which the settlement of a claim becomes final and a litigant is assured of the outcome. . . . If we accept the Director's interpretation of the time limit, USX can be subject to re-litigation of this claim for possibly another 20 years. . . . This interpretation renders the statute of limitation meaningless. Statutes of limitation "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specific period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubik*, 444 U.S. 111, 117, 100 S. Ct.352, 356-57, 62 L.Ed.2d 259 (1979). . . . Congress has given the Director the ability to reopen cases, but in our view, to do so more than four years after relieving USX of liability is unreasonable and is an abuse of this power.

928 F.2d at 659.

Accordingly, the original denial of the widow's claim is final under the Act and is not subject to being relitigated. The Board's decision should be reversed.

## II.     ANY BENEFITS PAYABLE BEGIN ON MARCH 23, 2010

Until the effective date of the PPACA, i.e., March 23, 2010, the 1981 Amendments to the Act controlled this claim. As discussed above, the widow's claim was denied under the provisions of the 1981 Amendments to the Act and that denial was final. If any benefits can be awarded based on the 2010 amendments, it is improper to award benefits prior to the effective

date of the PPACA, i.e., March 2010. Assuming, for the sake of argument, that the amendments to the PPACA could overcome the finality of the denial of benefits, benefits should not be payable until the change in the law occurred, as reasoned by the ALJ. If the widow is entitled to any benefits on a previously denied duplicate claim under Section 725.309 based upon a "change" in the law; then that "change" could not occur until the law was passed.

## CONCLUSION

Simply put, the PPACA does not apply to Irene Gibson's application for survivor benefits, because the claim is barred by the doctrine of res judicata.    Accordingly, the Order of Administrative Law Judge Solomon granting survivor's benefits to Irene Gibson should be vacated, and this matter remanded for a hearing to determine whether Mr. Gibson's death was "due to pneumoconiosis."

Respectfully submitted,

/s/ Brett Stonecipher
H. Brett Stonecipher
Tighe A. Estes
FOGLE KELLER PURDY, PLLC
300 E. Main Street, Suite 400
Lexington, Kentucky 40507
(859) 253-4700

## CERTIFICATE OF COMPLIANCE

As required by F.R.A.P. 32(a)(7)(c), I certify that, to the best of my knowledge and belief, this brief is proportionally spaced and contains 4,643 words. I relied on Microsoft Word to obtain the word count.

/s/ Brett Stonecipher
H. Brett Stonecipher
Tighe A. Estes

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed on July 9, 2013 via

12

the electronic filing system as mandated by 6 Cir. R. 25(a) to:

Joseph Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
P.O. Box 625
Norton, VA 24273

Emily Goldberg-Craft
U.S. Department of Labor
200 Constitution Ave., N.W., Suite N-2117 NDOL
Washington, D.C. 20210

Steven Breeskin
U.S Department of Labor
200 Constitution Ave., N.W., Suite C-3516 NDOL
Washington, D.C. 20210

Judge Daniel F. Soloman
U.S. Department of Labor
800 K Street, N.W., Suite 400N
Washington, D.C. 20001-8002

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
Leonard Green, Clerk
100 E. Fifth Street, Room 424
Cincinnati, Ohio 45202

/s/ H. Brett Stonecipher
H. Brett Stonecipher
Tighe A. Estes

## <u>DESIGNATION OF APPENDIX DOCUMENTS</u>

1. Petition for Review to 6th Circuit Court of Appeals

2. Benefits Review Board Decision and Order

3. ALJ Decision and Order

4. District Director's Proposed Decision and Order

5. <u>OKAAP v. Fogarty</u>

A

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
100 E. Fifth Street, Room 424
Cincinnati, Ohio 45202

| | | |
|---|---|---|
| QUEEN MOUNTAIN MINING CORP., | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IRENE J. GIBSON | ) | **Petition for Review** |
| (Widow of HERBERT GIBSON), | ) | |
| Respondent, | ) | |
| | ) | **CASE NO.**    2011-BLA-05248 |
| v. | ) | **OWCP NO.**  xxx-xx-9696 |
| | ) | **BRB NO.**      2012-0381 VLA |
| | ) | |
| AND | ) | |
| | ) | |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| LABOR, | ) | |
| Party-in-Interest, | ) | |

Queen Mountain Mining Corp., hereby petitions the Court for review of the Order of the Benefits

Review Board entered on 3/11/13, affirming Administrative Law Judge Daniel Solomon's 4/9/12 decision

and Order awarding survivors benefits as derivative from Earl Groves award of benefits in his living miner's

claim pursuant to §422(l) of the Act 30 U.S.C. §932(l).

Respectfully submitted,

H. Brett Stonecipher, Esq.
FERRERI & FOGLE
300 E. Main Street, Suite 400
Lexington, Kentucky  40507
*Attorney for Petitioner*

Page 1 of 2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent via U.S. Mail, first class postage pre-paid, to the following on this the __8__ day of May 2013.

Mrs. Irene J. Gibson
378 Aaron Davis Road
Speedwell, TN 37870

Joseph Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
P.O. Box 625
Norton, VA 24273

Emily Goldberg-Craft
U.S. Department of Labor
200 Constitution Ave., N.W., Suite N-2117 NDOL
Washington, D.C. 20210

Steven Breeskin
U.S Department of Labor
200 Constitution Ave., N.W., Suite C-3516 NDOL
Washington, D.C. 20210

Judge Daniel F. Soloman
U.S. Department of Labor
800 K Street, N.W., Suite 400N
Washington, D.C. 20001-8002

**And the original to:**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**
Leonard Green, Clerk
100 E. Fifth Street, Room 424
Cincinnati, Ohio 45202

H. Brett Stonecipher, Esq.

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 12-0381 BLA

**NOT PUBLISHED**

| | |
|---|---|
| IRENE J. GIBSON<br>(Widow of HERBERT GIBSON) | )<br>)<br>) |
| Claimant-Respondent | )<br>) |
| v. | )<br>) |
| QUEEN MOUNTAIN MINING<br>CORPORATION | )  DATE ISSUED: __MAR 1 1 2013__<br>)<br>) |
| Employer-Petitioner | )<br>) |
| DIRECTOR, OFFICE OF WORKERS'<br>COMPENSATION PROGRAMS, UNITED<br>STATES DEPARTMENT OF LABOR | )<br>)<br>)<br>) |
| Party-in-Interest | )  DECISION and ORDER |

Appeal of the Decision and Order - Award of Benefits of Daniel F. Solomon, Administrative Law Judge, United States Department of Labor.

Joseph E. Wolfe and Ryan C. Gilligan (Wolfe Williams Rutherford & Reynolds), Norton, Virginia, for claimant.

H. Brett Stonecipher (Ferreri & Fogle, PLLC), Lexington, Kentucky, for employer.

Rita Roppolo (M. Patricia Smith, Solicitor of Labor; Rae Ellen James, Associate Solicitor; Michael J. Rutledge, Counsel for Administrative Litigation and Legal Advice), Washington, D.C., for the Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: DOLDER, Chief Administrative Appeals Judge, SMITH and HALL, Administrative Appeals Judges.

PER CURIAM:

Employer appeals the Decision and Order - Award of Benefits (2011-BLA-5248) of Administrative Law Judge Daniel F. Solomon rendered on a subsequent survivor's claim[1] filed pursuant to the Black Lung Benefits Act, as amended, 30 U.S.C. §§901-944 (Supp. 2011) (the Act).

On March 23, 2010, amendments to the Act, affecting claims filed after January 1, 2005, that were pending on or after March 23, 2010, were enacted. *See* Pub. L. No. 111-148, §1556, 124 Stat. 119 (2010) (codified at 30 U.S.C. §§921(c)(4) and 932(*l*)). The amendments, in pertinent part, revive Section 422(*l*) of the Act, 30 U.S.C. §932(*l*), which provides that the survivor of a miner who was eligible to receive benefits at the time of his or her death is automatically entitled to survivor's benefits, without having to establish that the miner's death was due to pneumoconiosis. 30 U.S.C. §932(*l*).

Claimant filed a subsequent survivor's claim on July 19, 2010. Director's Exhibit 3. On August 4, 2010, the district director issued a Proposed Decision and Order, wherein he found that claimant was derivatively entitled to benefits pursuant to amended Section 932(*l*).[2] Director's Exhibit 5. At employer's request, the case was forwarded to the Office of Administrative Law Judges for a formal hearing. Director's Exhibit 13.

In his Decision and Order, the administrative law judge found that claimant's subsequent survivor's claim was not barred under 20 C.F.R. §725.309(d), that claimant satisfied the criteria for derivative entitlement pursuant to amended Section 932(*l*), and that there was no genuine issue as to any material fact concerning claimant's entitlement. Consequently, the administrative law judge awarded benefits, to commence as of June 2004, the month in which the miner died.

On appeal, employer argues that the retroactive application of the automatic entitlement provisions of amended Section 932(*l*) to claims filed after January 1, 2005 deprives it of the opportunity for a meaningful hearing and constitutes a violation of its due process rights and an unconstitutional taking of private property. Employer contends

---

[1] Claimant is the widow of the miner, who died on June 14, 2004. Claimant filed her initial claim for survivor's benefits on July 20, 2004, and the district director denied benefits on May 31, 2005. Claimant took no further action with respect to this claim. Director's Exhibit 2.

[2] The miner was receiving federal black lung benefits at the time of his death pursuant to a claim filed on February 10, 1992, which was ultimately awarded, on the miner's request for modification, by Administrative Law Judge Edward Terhune Miller on June 3, 1998. The award of benefits was affirmed by the Board on July 2, 1999. *See Gibson v. Queen Mountain Mining*, BRB No. 98-1308 BLA (July 2, 1999)(unpub.).

2

that the operative date for determining eligibility pursuant to amended Section 932(*l*) is the date that the miner's claim was filed, not the date that the survivor's subsequent claim was filed. Employer also contends that claimant is not eligible for derivative survivor's benefits under amended Section 932(*l*), because her prior claim was finally denied and her subsequent claim is barred pursuant to the doctrine of res judicata. The Director responds, urging the Board to affirm the administrative law judge's award of benefits. However, the Director contends that the appropriate date for the commencement of benefits in this case is July 2005, the month after the month in which the denial of the prior survivor's claim became final. Claimant responds in support of the award of benefits.

The Board's scope of review is defined by statute. The administrative law judge's Decision and Order must be affirmed if it is rational, supported by substantial evidence, and in accordance with applicable law.[3]  33 U.S.C. §921(b)(3), as incorporated by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

We reject employer's contention that retroactive application of the automatic entitlement provisions of amended Section 932(*l*) to claims filed after January 1, 2005 constitutes a due process violation and a taking of private property, for the same reasons the Board rejected substantially similar arguments in *Mathews v. United Pocahontas Coal Co.*, 24 BLR 1-193, 1-200 (2010). *See also Vision Processing, LLC v. Groves*, F.3d    , No. 11-3702, 2013 WL 332082 (6th Cir. Jan. 30, 2013); *B&G Constr. Co. v. Director, OWCP [Campbell]*, 662 F.3d 233, 25 BLR 2-13 (3d Cir. 2011); *Keene v. Consolidation Coal Co.*, 645 F.3d 844, 24 BLR 2-385 (7th Cir. 2011). Further, the operative date for determining eligibility for survivor's benefits under amended Section 932(*l*) is the date that the survivor's claim was filed, not the date that the miner's claim was filed. *See W. Va. CWP Fund v. Stacy*, 671 F.3d 378, 25 BLR 2-65 (4th Cir. 2011), *cert. denied*, 568 U.S.    (2012). For the reasons set forth in *Stacy*, we reject employer's arguments to the contrary. We also reject employer's contention that claimant's subsequent claim is barred under the doctrine of res judicata, for the reasons set forth in *Richards v. Union Carbide Corp.*, 25 BLR 1-31 (2012)(en banc)(McGranery, J., concurring and dissenting) (Boggs, J., dissenting), *appeal docketed*, No. 12-1294 (4th Cir. Mar. 8, 2012). Because claimant filed her subsequent survivor's claim after January 1, 2005, her claim was pending on or after March 23, 2010, and the miner was receiving benefits as the time of his death, we affirm the administrative law judge's finding that claimant is entitled to receive survivor's benefits pursuant to amended Section 932(*l*).

---

[3] The Board will apply the law of the United States Court of Appeals for the Sixth Circuit, as the miner's last coal mine employment occurred in Tennessee. *See Shupe v. Director, OWCP*, 12 BLR 1-200, 1-202 (1989)(en banc); Director's Exhibit 1.

Lastly, in *Richards*, the Board held that derivative benefits are payable in a subsequent survivor's claim filed within the time limitations set forth in Section 1556 of Public Law No. 111-148 from the month after the month in which the denial of the prior claim became final.[4] *See Richards*, 25 BLR at 1-39. Consequently, as the order denying claimant's prior claim became final in June 2005, at the expiration of the thirtieth day after it was filed in the office of the district director, claimant's survivor's benefits under amended 932(*l*) in her subsequent claim properly commence as of July 2005, the month after the month in which claimant's prior denial of benefits became final. *See* 20 C.F.R. §725.309(d)(5).

Accordingly, the administrative law judge's Decision and Order - Award of Benefits is affirmed, as modified to reflect July 2005 as the date from which benefits commence.

SO ORDERED.

NANCY S. DOLDER, Chief
Administrative Appeals Judge

ROY P. SMITH
Administrative Appeals Judge

BETTY JEAN HALL
Administrative Appeals Judge

---

[4] The denial of claimant's prior survivor's claim was filed with the district director on May 31, 2005, and became final thirty days later, in June 2005. *See* 20 C.F.R. §725.419; Director's Exhibit 2.

4

## CERTIFICATE OF SERVICE

2012-0381-BLA Mrs. Irene J. Gibson (Widow of Herbert Gibson) v. Queen Mountain Mining Corp., Director, Office of Workers' Compensation Programs (Case No. 11-BLA-5248)

I certify that the parties below were served this day.

*Thomas O. Shepherd* 5m

MAR 1 1 2013
(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Rita A. Roppolo, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W. N-2117
Washington, DC 20210
--*Certified*

H. Brett Stonecipher, Esq.
Ferreri & Fogle
300 E. Main Street
Suite 400
Lexington, KY 40507
--*Certified*

Hon. Daniel F. Solomon
U.S. Department of Labor
Office of Administrative Law Judges
800 K Street, N.W., Suite 400-N
Washington, DC 20001

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

Mrs. Irene J. Gibson
378 Aaron Davis Road
Speedwell, TN 37870
--*Certified*

Joseph E. Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
--*Certified*

## NOTICE OF APPEAL RIGHTS

A Decision of the Benefits Review Board shall become final sixty (60) days after its issuance unless a written petition for review is filed with the appropriate United States Court of Appeals prior to the expiration of the sixty (60) day period, or unless a timely request for reconsideration is filed with the Board. 33 U.S.C. Section 921; 30 U.S.C. Section 932(a); 20 C.F.R. Sections 802.406, 802.407. Therefore, you are advised that you may SEEK RECONSIDERATION OF, OR APPEAL, a final decision of the Board within the time limits set forth below. THE TIME LIMITS CANNOT BE EXTENDED, AND YOU MUST SUBMIT YOUR REQUEST TO THE PROPER PLACE WITHIN THE TIME PROVIDED.

If you seek RECONSIDERATION by this Board (that is, if you want the Board to reconsider its decision), you must submit to the Board a written Motion for Reconsideration within 30 DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION. Your motion should identify any error you find in the Board's opinion and state the reasons you believe warrant further consideration of your case. If you file a timely motion for reconsideration, you will have sixty (60) days from issuance of the Board's decision on reconsideration to file an appeal with a Court of Appeals, as set forth below.

Alternatively, if you wish to APPEAL to a United States Court of Appeals, you must insure that a petition for review is received by THE APPROPRIATE COURT (NOT THIS BOARD) WITHIN SIXTY (60) DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION. The petition for review should contain the case number and the date of the Board's decision. The petition should be sent to the Court of Appeals which covers the state in which the employee's injury occurred. In a black lung claim, any state in which the miner had coal mine employment may be considered the state in which the injury occurred (i.e., for a black lung appeal, you may file in any Court of Appeals covering any state in which you worked as a miner). Listed on the back of this page are the twelve Courts of Appeals and the states they cover. You should identify the court covering the state of injury (including all states of mine employment for black lung claims) and file your petition with that court. If you have question about your case, call the Clerk of the court at the number shown on the bottom of this page. If you appeal directly to the Court of Appeals you may not later get reconsideration by the Board. However, if you seek Board reconsideration you may later appeal the Board's ruling on reconsideration to the Court of Appeals.

IF YOU HAVE ANY QUESTIONS ABOUT THE PROCEDURES TO BE FOLLOWED IN YOUR CASE, CALL THE OFFICE OF THE CLERK OF THE BOARD, (202) 693-6300.

## COURT OF APPEALS

**First Circuit** (Maine, New Hampshire, Rhode Island
Massachusetts, Puerto Rico)
Margaret Carter, Clerk
U.S. Court of Appeals
for the First Circuit
1 Court House Way
Suite 2500
Boston, MA  02210
(617) 748-9057
www.ca1.uscourts.gov

**Third Circuit** (Pennsylvania, New Jersey, Delaware,
Virgin Islands)
Marcia M. Waldron, Clerk
U.S. Court of Appeals
for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106
(215) 597-2995
www.ca3.uscourts.gov

**Fifth Circuit** (Louisiana, Texas, Mississippi)
Lyle W. Cayce, Clerk
U.S. Court of Appeals
for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
(504) 310-7700
www.ca5.uscourts.gov

**Seventh Circuit** (Wisconsin, Illinois,
Indiana)
Gino Agnello, Clerk
U. S. Court of Appeals
for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, IL  60604
(312) 435-5850
www.ca7.uscourts.gov

**Ninth Circuit** (Washington, Oregon, Montana, Idaho,
California, Nevada, Arizona, Alaska, Hawaii)
Molly C. Dwyer, Clerk
U.S. Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA  94103
(415) 355-8000
www.ca9.uscourts.gov

**Eleventh Circuit** (Alabama, Georgia, Florida)
John Ley, Clerk
U. S. Court of Appeals
for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA  30303
(404) 335-6100
www.ca11.uscourts.gov

June 2011

**Second Circuit** (New York, Connecticut,
Vermont)
Catherine Ohagan Wolfe, Clerk
U.S. Court of Appeals
for the Second Circuit
40 Foley Square
Room 1702, U.S. Courthouse
New York, NY  10007
(212) 857-8544
www.ca2.uscourts.gov

**Fourth Circuit** (Maryland, Virginia, West Virginia,
North Carolina, South Carolina)
Patricia S. Connor, Clerk
U.S. Court of Appeals
for the Fourth Circuit
1100 East Main Street
Room 501
Richmond, VA 23219-3517
(804) 916-2700
www.ca4.uscourts.gov

**Sixth Circuit** (Ohio, Kentucky, Tennessee,
Leonard Green, Clerk          Michigan)
U.S. Court of Appeals
for the Sixth Circuit
100 East 6th Street, Room 424
Cincinnati, OH  45202
(513) 564-7000
www.ca6.uscourts.gov

**Eighth Circuit** (Minnesota, Iowa, Missouri,
Arkansas, Nebraska, South Dakota, North Dakota)
Michael Gans, Clerk
U.S. Court of Appeals
for the Eighth Circuit
Thomas F. Eagleton Court House
111 South 10th Street  Room 2432.9
St. Louis, MO 63102
(314) 244-2400
www.ca8.uscourts.gov

**Tenth Circuit** (Wyoming, Utah, Colorado,
Kansas, Oklahoma, New Mexico)
Elisabeth A. Shumaker, Clerk
U.S. Court of Appeals
for the Tenth Circuit
1823 Stout Street
Denver, CO 80257
(303) 844-3157
www.ca10.uscourts.gov

**District of Columbia Circuit** (Washington,
D.C.)
Mark J. Langer, Clerk
U.S. Court of Appeals
for the D.C. Circuit
3rd and Constitution Avenue, N.W.
Washington, D.C.  20001
(202) 216-7000
www.cadc.uscourts.gov

**U.S. Department of Labor**     Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601

BRB No. 12-0381 BLA

**NOT PUBLISHED**



IRENE J. GIBSON                          )
(Widow of HERBERT GIBSON)                )
                                         )
            Claimant-Respondent          )
                                         )
        v.                               )
                                         )
QUEEN MOUNTAIN MINING                    )     DATE ISSUED:    **MAR 1 1 2013**
CORPORATION                              )
                                         )
            Employer-Petitioner          )
                                         )
DIRECTOR, OFFICE OF WORKERS'             )
COMPENSATION PROGRAMS, UNITED            )
STATES DEPARTMENT OF LABOR               )
                                         )
            Party-in-Interest            )     DECISION and ORDER

Appeal of the Decision and Order - Award of Benefits of Daniel F. Solomon, Administrative Law Judge, United States Department of Labor.

Joseph E. Wolfe and Ryan C. Gilligan (Wolfe Williams Rutherford & Reynolds), Norton, Virginia, for claimant.

H. Brett Stonecipher (Ferreri & Fogle, PLLC), Lexington, Kentucky, for employer.

Rita Roppolo (M. Patricia Smith, Solicitor of Labor; Rae Ellen James, Associate Solicitor; Michael J. Rutledge, Counsel for Administrative Litigation and Legal Advice), Washington, D.C., for the Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: DOLDER, Chief Administrative Appeals Judge, SMITH and HALL, Administrative Appeals Judges.

PER CURIAM:

Employer appeals the Decision and Order - Award of Benefits (2011-BLA-5248) of Administrative Law Judge Daniel F. Solomon rendered on a subsequent survivor's claim[1] filed pursuant to the Black Lung Benefits Act, as amended, 30 U.S.C. §§901-944 (Supp. 2011) (the Act).

On March 23, 2010, amendments to the Act, affecting claims filed after January 1, 2005, that were pending on or after March 23, 2010, were enacted. *See* Pub. L. No. 111-148, §1556, 124 Stat. 119 (2010) (codified at 30 U.S.C. §§921(c)(4) and 932(*l*)). The amendments, in pertinent part, revive Section 422(*l*) of the Act, 30 U.S.C. §932(*l*), which provides that the survivor of a miner who was eligible to receive benefits at the time of his or her death is automatically entitled to survivor's benefits, without having to establish that the miner's death was due to pneumoconiosis. 30 U.S.C. §932(*l*).

Claimant filed a subsequent survivor's claim on July 19, 2010. Director's Exhibit 3. On August 4, 2010, the district director issued a Proposed Decision and Order, wherein he found that claimant was derivatively entitled to benefits pursuant to amended Section 932(*l*).[2] Director's Exhibit 5. At employer's request, the case was forwarded to the Office of Administrative Law Judges for a formal hearing. Director's Exhibit 13.

In his Decision and Order, the administrative law judge found that claimant's subsequent survivor's claim was not barred under 20 C.F.R. §725.309(d), that claimant satisfied the criteria for derivative entitlement pursuant to amended Section 932(*l*), and that there was no genuine issue as to any material fact concerning claimant's entitlement. Consequently, the administrative law judge awarded benefits, to commence as of June 2004, the month in which the miner died.

On appeal, employer argues that the retroactive application of the automatic entitlement provisions of amended Section 932(*l*) to claims filed after January 1, 2005 deprives it of the opportunity for a meaningful hearing and constitutes a violation of its due process rights and an unconstitutional taking of private property. Employer contends

---

[1] Claimant is the widow of the miner, who died on June 14, 2004. Claimant filed her initial claim for survivor's benefits on July 20, 2004, and the district director denied benefits on May 31, 2005. Claimant took no further action with respect to this claim. Director's Exhibit 2.

[2] The miner was receiving federal black lung benefits at the time of his death pursuant to a claim filed on February 10, 1992, which was ultimately awarded, on the miner's request for modification, by Administrative Law Judge Edward Terhune Miller on June 3, 1998. The award of benefits was affirmed by the Board on July 2, 1999. *See Gibson v. Queen Mountain Mining*, BRB No. 98-1308 BLA (July 2, 1999)(unpub.).

that the operative date for determining eligibility pursuant to amended Section 932(*l*) is the date that the miner's claim was filed, not the date that the survivor's subsequent claim was filed. Employer also contends that claimant is not eligible for derivative survivor's benefits under amended Section 932(*l*), because her prior claim was finally denied and her subsequent claim is barred pursuant to the doctrine of res judicata. The Director responds, urging the Board to affirm the administrative law judge's award of benefits. However, the Director contends that the appropriate date for the commencement of benefits is this case is July 2005, the month after the month in which the denial of the prior survivor's claim became final. Claimant responds in support of the award of benefits.

The Board's scope of review is defined by statute. The administrative law judge's Decision and Order must be affirmed if it is rational, supported by substantial evidence, and in accordance with applicable law.[3] 33 U.S.C. §921(b)(3), as incorporated by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

We reject employer's contention that retroactive application of the automatic entitlement provisions of amended Section 932(*l*) to claims filed after January 1, 2005 constitutes a due process violation and a taking of private property, for the same reasons the Board rejected substantially similar arguments in *Mathews v. United Pocahontas Coal Co.*, 24 BLR 1-193, 1-200 (2010). *See also Vision Processing, LLC v. Groves*, F.3d , No. 11-3702, 2013 WL 332082 (6th Cir. Jan. 30, 2013); *B&G Constr. Co. v. Director, OWCP [Campbell]*, 662 F.3d 233, 25 BLR 2-13 (3d Cir. 2011); *Keene v. Consolidation Coal Co.*, 645 F.3d 844, 24 BLR 2-385 (7th Cir. 2011). Further, the operative date for determining eligibility for survivor's benefits under amended Section 932(*l*) is the date that the survivor's claim was filed, not the date that the miner's claim was filed. *See W. Va. CWP Fund v. Stacy*, 671 F.3d 378, 25 BLR 2-65 (4th Cir. 2011), *cert. denied*, 568 U.S. (2012). For the reasons set forth in *Stacy*, we reject employer's arguments to the contrary. We also reject employer's contention that claimant's subsequent claim is barred under the doctrine of res judicata, for the reasons set forth in *Richards v. Union Carbide Corp.*, 25 BLR 1-31 (2012)(en banc)(McGranery, J., concurring and dissenting) (Boggs, J., dissenting), *appeal docketed*, No. 12-1294 (4th Cir. Mar. 8, 2012). Because claimant filed her subsequent survivor's claim after January 1, 2005, her claim was pending on or after March 23, 2010, and the miner was receiving benefits as the time of his death, we affirm the administrative law judge's finding that claimant is entitled to receive survivor's benefits pursuant to amended Section 932(*l*).

---

[3] The Board will apply the law of the United States Court of Appeals for the Sixth Circuit, as the miner's last coal mine employment occurred in Tennessee. *See Shupe v. Director, OWCP*, 12 BLR 1-200, 1-202 (1989)(en banc); Director's Exhibit 1.

Lastly, in *Richards*, the Board held that derivative benefits are payable in a subsequent survivor's claim filed within the time limitations set forth in Section 1556 of Public Law No. 111-148 from the month after the month in which the denial of the prior claim became final.[4] *See Richards*, 25 BLR at 1-39. Consequently, as the order denying claimant's prior claim became final in June 2005, at the expiration of the thirtieth day after it was filed in the office of the district director, claimant's survivor's benefits under amended 932(*l*) in her subsequent claim properly commence as of July 2005, the month after the month in which claimant's prior denial of benefits became final. *See* 20 C.F.R. §725.309(d)(5).

Accordingly, the administrative law judge's Decision and Order - Award of Benefits is affirmed, as modified to reflect July 2005 as the date from which benefits commence.

SO ORDERED.


NANCY S. DOLDER, Chief
Administrative Appeals Judge


ROY P. SMITH
Administrative Appeals Judge


BETTY JEAN HALL
Administrative Appeals Judge

---

[4] The denial of claimant's prior survivor's claim was filed with the district director on May 31, 2005, and became final thirty days later, in June 2005. *See* 20 C.F.R. §725.419; Director's Exhibit 2.

4

# CERTIFICATE OF SERVICE

2012-0381-BLA Mrs. Irene J. Gibson (Widow of Herbert Gibson) v. Queen Mountain Mining Corp., Director, Office of Workers' Compensation Programs (Case No. 11-BLA-5248)

I certify that the parties below were served this day.

*Thomas O. Shepherd* SM

**MAR 1 1 2013**
(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Rita A. Roppolo, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W. N-2117
Washington, DC 20210
--*Certified*

H. Brett Stonecipher, Esq.
Ferreri & Fogle
300 E. Main Street
Suite 400
Lexington, KY 40507
--*Certified*

Hon. Daniel F. Solomon
U.S. Department of Labor
Office of Administrative Law Judges
800 K Street, N.W., Suite 400-N
Washington, DC 20001

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

Mrs. Irene J. Gibson
378 Aaron Davis Road
Speedwell, TN 37870
--*Certified*

Joseph E. Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
--*Certified*

## NOTICE OF APPEAL RIGHTS

A Decision of the Benefits Review Board shall become final sixty (60) days after its issuance unless a written petition for review is filed with the appropriate United States Court of Appeals <u>prior</u> to the expiration of the sixty (60) day period, or unless a timely request for reconsideration is filed with the Board. 33 U.S.C. Section 921; 30 U.S.C. Section 932(a); 20 C.F.R. Sections 802.406, 802.407. Therefore, you are advised that you may SEEK RECONSIDERATION OF, <u>OR</u> APPEAL, a final decision of the Board within the time limits set forth below. THE TIME LIMITS CANNOT BE EXTENDED, AND YOU MUST SUBMIT YOUR REQUEST TO THE PROPER PLACE WITHIN THE TIME PROVIDED.

If you seek RECONSIDERATION by this Board (that is, if you want the Board to reconsider its decision), you must submit to the Board a written Motion for Reconsideration within <u>30 DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION</u>. Your motion should identify any error you find in the Board's opinion and state the reasons you believe warrant further consideration of your case. If you file a timely motion for reconsideration, you will have sixty (60) days from issuance of the Board's decision on reconsideration to file an appeal with a Court of Appeals, as set forth below.

Alternatively, if you wish to APPEAL to a United States Court of Appeals, you must insure that a petition for review is received by <u>THE APPROPRIATE COURT (NOT THIS BOARD WITHIN SIXTY (60) DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION</u>. The petition for review should contain the case number and the date of the Board's decision. The petition should be sent to the Court of Appeals which covers the state in which the employee's injury occurred. In a black lung claim, any state in which the miner had coal mine employment may be considered the state in which the injury occurred (i.e., for a black lung appeal, you may file in any Court of Appeals covering any state in which you <u>worked</u> as a miner). Listed on the back of this page are the twelve Courts of Appeals and the states they cover. You should identify the court covering the state of injury (including all states of mine employment for black lung claims) and file your petition with that court. If you have question about your case, call the Clerk of the court at the number shown on the bottom of this page. If you appeal directly to the Court of Appeals you may not later get reconsideration by the Board. However, if you seek Board reconsideration you may later appeal the Board's ruling on reconsideration to the Court of Appeals.

IF YOU HAVE ANY QUESTIONS ABOUT THE PROCEDURES TO BE FOLLOWED IN YOUR CASE, CALL THE OFFICE OF THE CLERK OF THE BOARD, (202) 693-6300.

## COURT OF APPEALS

**First Circuit** (Maine, New Hampshire, Rhode Island
Massachusetts, Puerto Rico)
Margaret Carter, Clerk
U.S. Court of Appeals
  for the First Circuit
1 Court House Way
Suite 2500
Boston, MA  02210
(617) 748-9057
www.ca1.uscourts.gov

**Third Circuit** (Pennsylvania, New Jersey, Delaware,
Virgin Islands)
Marcia M. Waldron, Clerk
U.S. Court of Appeals
  for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106
(215) 597-2995
www.ca3.uscourts.gov

**Fifth Circuit** (Louisiana, Texas, Mississippi)
Lyle W. Cayce, Clerk
U.S. Court of Appeals
  for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
(504) 310-7700
www.ca5.uscourts.gov

**Seventh Circuit** (Wisconsin, Illinois,
Indiana)
Gino Agnello, Clerk
U. S. Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, IL  60604
(312) 435-5850
www.ca7.uscourts.gov

**Ninth Circuit** (Washington, Oregon, Montana, Idaho,
California, Nevada, Arizona, Alaska, Hawaii)
Molly C. Dwyer, Clerk
U.S. Court of Appeals
  for the Ninth Circuit
95 Seventh Street
San Francisco, CA  94103
(415) 355-8000
www.ca9.uscourts.gov

**Eleventh Circuit** (Alabama, Georgia, Florida)
John Ley, Clerk
U. S. Court of Appeals
  for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA  30303
(404) 335-6100
www.ca11.uscourts.gov

June 2011

**Second Circuit** (New York, Connecticut,
Vermont)
Catherine Ohagan Wolfe, Clerk
U.S. Court of Appeals
  for the Second Circuit
40 Foley Square
Room 1702, U.S. Courthouse
New York, NY  10007
(212) 857-8544
www.ca2.uscourts.gov

**Fourth Circuit** (Maryland, Virginia, West Virginia,
North Carolina, South Carolina)
Patricia S. Connor, Clerk
U.S. Court of Appeals
  for the Fourth Circuit
1100 East Main Street
Room 501
Richmond, VA 23219-3517
(804) 916-2700
www.ca4.uscourts.gov

**Sixth Circuit** (Ohio, Kentucky, Tennessee,
Michigan)
Leonard Green, Clerk
U.S. Court of Appeals
  for the Sixth Circuit
100 East 5th Street, Room 424
Cincinnati, OH  45202
(513) 564-7000
www.ca6.uscourts.gov

**Eighth Circuit** (Minnesota, Iowa, Missouri,
Arkansas, Nebraska, South Dakota, North Dakota)
Michael Gans, Clerk
U.S. Court of Appeals
  for the Eighth Circuit
Thomas F. Eagleton Court House
111 South 10th Street  Room 2432.9
St. Louis, MO 63102
(314) 244-2400
www.ca8.uscourts.gov

**Tenth Circuit** (Wyoming, Utah, Colorado,
Kansas, Oklahoma, New Mexico)
Elisabeth A. Shumaker, Clerk
U.S. Court of Appeals
  for the Tenth Circuit
1823 Stout Street
Denver, CO 80257
(303) 844-3157
www.ca10.uscourts.gov

**District of Columbia Circuit** (Washington,
D.C.)
Mark J. Langer, Clerk
U.S. Court of Appeals
  for the D.C. Circuit
3rd and Constitution Avenue,  N.W.
Washington, D.C.  20001
(202) 216-7000
www.cadc.uscourts.gov

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



*Issue Date: 09 April 2012*

*In the Matter of*
**IRENE J. GIBSON,**
     **WIDOW OF HERBERT GIBSON**
     *Claimant,*

    *v.*                               Case No. **2011-BLA-05248**

**QUEEN MOUNTAIN MINING,**
     *Employer,*

   *and*

**DIRECTOR, OFFICE OF WORKERS'**
**COMPENSATION PROGRAMS**
     *Party-in-Interest*

# DECISION AND ORDER
### *AWARD OF BENEFITS*

    This case arises from a claim for benefits filed under the "Black Lung Benefits Act," Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, at 30 U.S.C. § 901 *et seq.* ("Act"), and the implementing regulations at 20 C.F.R. Parts 718 and 725.

    Miner filed a living miner's claim July, 8 1992. He was awarded benefits in a Decision and Order rendered by Administrative Law Judge Edward T. Miller on June 3, 1998, This decision was appealed to the Benefits Review Board ("BRB" or "Board"). This decision was approved by the Board, was not appealed and is final.

    Miner passed away June 13, 2004, survived by his spouse, who filed a claim for Survivor's Benefits on July 12, 2004. She was denied benefits by the District Director in a Proposed Decision and Order Denial of Benefits on May 31, 2005. That decision was not appealed.

    Congress amended the Act, effective on March 23, 2010, affecting claims filed after January 1, 2005. The amendments revive Section 41 fl(c)(4) of the Act, 30 U.S.C. §92l(c)(4), which provides a rebuttable presumption of total disability due to pneumoconiosis or, relevant to survivor's claims, death due to pneumoconiosis in cases where the claimant has established that the miner had fifteen or more years of qualifying coal mine employment and a totally disabling respiratory impairment. 30 U.S.C. §921 (c)(4). The amendments also revive Section 422(1) of the Act, 30 U.S.C. §932(1), which provides that an eligible survivor of a miner who filed a successful claim for benefits is automatically entitled to survivor's benefits, without the burden of reestablishing entitlement. 30 U.S.C. §932(1).

On July 19, 2010 claimant filed a second Survivor's claim. The District Director awarded automatic benefits under § 1556 of the PPACA, and issued a Proposed Decision and Order Award of Benefits on August, 4 2010. Employer requested a hearing August 15, 2010. The Director subsequently transferred this claim to the Office of the Administrative Law Judges.

Claimant filed a Motion for Automatic Entitlement December 15, 2011. Employer responded and argues that the date Mr. Gibson filed his claim is the operative date for the automatic entitlement provisions of the PPACA. Employer argues that to apply the automatic provisions based on the filing date in a survivor's claim violates Employer due process rights. Employer requested that this claim be held in abeyance pending decisions by the Sixth Circuit Court of Appeals and the U.S. Supreme Court. I ordered briefs from all parties, and Claimant and Employer responded.

## FINDINGS OF FACT

I accept the Claimant's Motion as a motion for summary decision under 29 CFR Section 18.40. The parties have not presented any issue of material fact. Where there is no genuine issue of a material fact raised, I may issue a decision to become final as provided by the statute or regulations under which the matter is to be heard. 29CFR Section 18.41:

### 1. Applicability of PPACA

In *Stacy v. Olga Coal Co.*, BRB No. 10-0113 BLA (Dec. 22, 2010) (pub.), the Board held that, for purposes of applying the automatic entitlement provisions of PPACA to a survivor's claim, it is the filing date of the survivor's claim, not the filing date of the miner's claim, which controls applicability of the PPACA amendments. The Board adopted the Director, OWCP's position and stated:

> The plain language of Section 1556(c) mandates the application of Section 932(*l*), as amended, to all "claims" filed after January 1, 2005, that are pending on or after March 23, 2010. Pub. L. No. 111-148, §1556(c). Given that both miners and survivors may file "claims" under the Act, and that Congress used the term "claims" in Section 1556(c) without any qualifying or limiting language, except for the specific effective date, the plain language supports the Director's position that Section 1556(c) must be interpreted to apply amended Section 932(*l*) to survivors' claims that are filed after January 1, 2005.

The Board also noted that this position was "consistent with the 'fundamental purpose' and 'practical reality' of amended Section 932(*l*)." *Id.*

In *Richards v. Union Carbide Corp.*, ___ B.L.R. 1-__ (Jan. 9, 2012)(en banc) the Board held that, where a miner was awarded benefits on a lifetime claim, a survivor who files a claim after January 1, 2005, which is pending on or after March 23, 2010, is automatically entitled to benefits under Section 1556 of the Patient Protection and Affordable Care Act (PPACA). The Board concluded that the automatic entitlement provisions may be applied to "subsequent" survivors' claims filed under 20 C.F.R. § 725.309. And, in accordance with 20 C.F.R. § 725.309(d)(5), the onset date for benefits awarded in a subsequent survivor's claim under the PPACA is in the month after the month in which the survivor's prior claim was denied.

I note that I am bound by the Board's holding that the filing date of the subsequent survivor's claim controls applicability of the PPACA amendments. Although the Claimant filed a claim prior to January 1, 2005, she Claimant filed the instant claim for survivor benefits after

January 1, 2005. Therefore, the automatic entitlement provisions of PPACA apply to Claimant's claim for benefits.

### 2. Constitutional Challenges to PPACA

Employer also asserts several constitutional challenges to PPACA. An administrative law judge does not have the authority to address issues involving the constitutionality of the Act or implementing regulations. **Kosh v. Director, OWCP,** 8 B.L.R. 1-168 (1985). Absent an injunction barring application of Section 1556 of PPACA, the claim must be adjudicated in accordance with the law as presently enacted and as interpreted by the Board. Accordingly, I will not address Employer's constitutionality arguments. However, I note here Employer contests the constitutionality of PPACA, and that these issues are preserved only for the purposes of further appeal, as they are beyond my subject-matter jurisdiction.

### 3. Entitlement to Benefits

The only issue before me is whether PPACA conveys automatic entitlement to black lung benefits to the Claimant. Employer has not presented any further arguments or evidence as to why an order awarding benefits should not be entered in this claim, nor do I find any such evidence. Consequently, as the Miner was awarded benefits during his lifetime, and the other criteria set forth in PPACA have been satisfied, the Claimant is awarded survivor's benefits by operation of law. Therefore, I find Claimant entitled to continuing benefits under the Black Lung Benefits Act as amended by PPACA. The benefits commencement date is November 2009, the month in which the Miner died. 20 C.F.R. § 725.503(c).

# CONCLUSION

Claimant is entitled to an automatic award based on her application July 19, 2010, and her motion is **GRANTED**. Employer's request to hold this case in abeyance is **DENIED**. As Claimant is an eligible survivor of a miner entitled to benefits under the Act,, benefits are payable beginning with the month of the miner's death, June, 2004 . 20 C.F.R. § 725.503(c).

The hearing is **CANCELLED**.

**SO ORDERED**.


DANIEL F. SOLOMON
Administrative Law Judge

**NOTICE OF APPEAL RIGHTS**: If you are dissatisfied with the decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's decision is filed with the district director's office. *See* 20 C.F.R. §§ 725.478 and 725.479. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S.

Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. *See* 20 C.F.R. § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board. After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed. At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. *See* 20 C.F.R. § 725.481. If an appeal is not timely filed with the Board, decision becomes the final order of the Secretary of Labor pursuant to 20 C.F.R. § 725.479(a).

**SERVICE SHEET**

Case Name:  GIBSON_IRENE_J_v_QUEEN_MOUNTAIN_MININ_

Case Number: **2011BLA05248**

Document Title: **DECISION AND ORDER AWARD OF BENEFITS**

I hereby certify that a copy of the above-referenced document was sent to the following this 9th day of April, 2012:


*Delannie B. Honesty*

**DELANNIE HONESTY**
LEGAL TECH

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room N3454, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
       *{Hard Copy - Regular Mail}*

Bayley Reporting, Inc.
12945 Seminole Blvd., Bldg. 1
Suite 14
SEMINOLE FL 33778
       *{Hard Copy - Regular Mail}*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
NASHVILLE TN 37219-2456
       *{Hard Copy - Regular Mail}*

Irene J Gibson
378 Aaron Davis Rd.
SPEEDWELL TN 37870
       *{Hard Copy - Regular Mail}*

Joseph E Wolfe, Jr., Esq.
Wolfe, Williams, Rutherford & Reynolds
P.O. Box 625
NORTON VA 24273
       *{Hard Copy - Regular Mail}*

Queen Mountain Mining
P.O. Box 40
HARROGATE TN 37752
       *{Hard Copy - Regular Mail}*

H. Brett Stonecipher, Esq.
Ferreri & Fogle
300 East Main St., Suite 400
LEXINGTON KY 40507
       *{Hard Copy - Regular Mail}*

Kentucky Central Ins. Co.
C/O American Resources Ins. Co.
MOBILE AL 36691
       *{Hard Copy - Regular Mail}*



**U.S. DEPARTMENT OF LABOR**      **Office of Workers' Compensation**
**Division of Coal Mine Workers' Compensation**
**402 Campbell Way**
**Mt. Sterling, KY   40353-7847**

**Phone:   (859) 497-8501 or 1-800-366-4628**
**Telefax:  (859) 498-5787**

| | |
|---|---|
| In the Matter of the Claim for Benefits Under the Black Lung Act | |
| Irene J Gibson | |
| Claimant | **PROPOSED DECISION AND ORDER** |
| | **Survivor's Award of Benefits-Responsible Operator** |
| v. | |
| Queen Mountain Mining | MINER: Herbert Gibson |
| Responsible Operator | CLAIM NO.:  XXX-XX-9696 LW C |
| and | |
| Director, Office of Workers' Compensation Programs | |

Such development, examination, investigation and review as is deemed necessary pursuant to the Black Lung Benefits Act having been completed and duly considered, the District Director, pursuant to the authority given at 20 CFR 725.418(a)(2) to expedite adjudication of the claim, makes the following:

## FINDINGS OF FACT AND CONCLUSION OF LAW

1.   That Herbert Gibson, born  October 28, 1929, hereinafter referred to as the miner, was receiving black lung benefits at the time of his death pursuant to a final and effective Award of Benefits entered January 1, 1996;

2.   That a written claim for survivor's benefits was timely filed on July 19, 2010;

3.   That Irene J Gibson, hereinafter referred to as the claimant, is the surviving  spouse of Herbert Gibson;

4.   That the miner died on June 13, 2004;

5.   That this claim is subject to Section 1556-Equity for Certain Eligible Survivors of the Patient Protection and Affordable Care Act of 2010, which applies to claims filed after January 1, 2005 that are pending on or after the PPACA's March 23, 2010 enactment date.  Subsection (b) of Section 1556, entitled Continuation of Benefits, amends 30 USC 932(1) of the Black Lung Benefits Act.  That section, as amended, states that "{i}n no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits under the subchapter at the time of his or her death be required to file a new claim for benefits, or refile or otherwise revalidate the claim of such miner."  Consequently, under amended 30 USC 932(l), an eligible survivor of a miner who was awarded benefits is entitled to benefits without having to prove that the miner's death was due to pneumoconiosis.

6.   The regulatory requirement that a subsequent claim be denied based on the prior denial unless a change is established, 20 CFR 725.309(d)(3), does not apply in the case of a subsequent survivor claim governed by amended Section 422(l).  This award to a previously-denied survivor does not constitute re-litigation of the survivor's prior claim but is derivative of the miner's award.  No benefits are payable for any period of time prior to the date upon which the order denying the prior claim became final.



PROPOSED DECISION AND ORDER AWARDING BENEFITS
Miner: Herbert Gibson
Claimant: Irene J Gibson
Claim No.: XXX-XX-9696 LW C
Page: 2

7.   That Queen Mountain Mining is the coal mine operator designated as responsible for payment of benefits due the claimant;

8.   That the claimant is entitled to receive benefits on his/her own behalf and augmented on behalf of the following dependent(s).

| Dependent Name | Date of Birth | Relationship | Entitlement Start | End |
|---|---|---|---|---|
| None | | | | |

at the following rates:

| From | To | No. of Mos. | Monthly Rate | Offset | Net Amt | Total |
|---|---|---|---|---|---|---|
| 07/2005 | 12/2005 | 6 | $562.80 | $0.00 | $562.80 | $3,376.80 |
| 01/2006 | 12/2006 | 12 | $574.60 | $0.00 | $574.60 | $6,895.20 |
| 01/2007 | 12/2007 | 12 | $584.40 | $0.00 | $584.40 | $7,012.80 |
| 01/2008 | 12/2008 | 12 | $599.00 | $0.00 | $599.00 | $7,188.00 |
| 01/2009 | 12/2009 | 12 | $616.30 | $0.00 | $616.30 | $7,395.60 |
| 01/2010 | 07/2010 | 7 | $625.60 | $0.00 | $625.60 | $4,379.20 |
| | | | | | **Total** | $36,247.60 |

including the following offsets:

| Type | Amount | Claim Number | From | To |
|---|---|---|---|---|
| None | | | | |

And continuing at the monthly rate of $625.60, to be paid on the fifteenth day of the month following the month for which the benefits are due.

Based upon the foregoing Findings of Fact and Conclusions of law, the District Director makes the following:

## AWARD

That Queen Mountain Mining shall pay to the claimant in the amount of $36,247.60 representing all benefits due from the month following the date that the most recent denial of benefits became final (725.309(d)(5)) July 2005 up to and including July 2010, and shall thereafter continue to pay benefits to the claimant at the rate of $625.60 per month, subject to the limitations of the Act.

The designated responsible operator is liable for the benefits detailed above. The responsible operator is also liable for the payment of all fees, charges, and other reasonable expenses incurred by the miner/claimant in developing the claim.

Within 30 days after the date of issuance of this Proposed Decision and Order, any party may file a written request for revision or request a formal hearing before the Office of Administrative Law Judges. The party must specify the findings and conclusions with which they disagree, and shall serve the written request on the District Director and all other parties.

Signed in the office of the District Director on August 4, 2010

Elizabeth G. Piersawl
Claims Examiner

Westlaw.

Not Reported in F.3d, 2010 WL 3341881 (C.A.10)
(Cite as: 2010 WL 3341881 (C.A.10))

**H**
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States Court of Appeals,
Tenth Circuit.
OKLAHOMA CHAPTER OF THE AMERICAN
ACADEMY OF PEDIATRICS (OKAAP), et al.,
Plaintiffs-Appellants/Cross-Appellees,
v.
Michael FOGARTY, Chief Executive Officer of the
Oklahoma Health Care Authority (OHCA), et al.,
Defendants-Appellees/Cross-Appellants.
American Academy of Pediatrics, et al., Amici
Curiae.

Nos. 05-5100, 05-5107.
July 20, 2010.

A. Louis W. Bullock, Patricia Whittaker Bullock,
Robert M. Blakemore, Miller, Keffer & Bullock,
Tulsa, OK, Thomas K. Gilhool, James Eiseman,
Public Interest Law Center of Philadelphia, Phil-
adelphia, PA, for Plaintiffs-Appel-
lants/Cross-Appellees.

Howard J. Pallotta Department of Human Services,
Office of General Counsel, Oklahoma City, OK,
Lynn Rambo Jones, Oklahoma Health Care Author-
ity, Oklahoma City, OK, for Defendants-Ap-
pellees/Cross-Appellants.

Before BRISCOE, Chief Judge, TACHA, and
HARTZ, Circuit Judges.

**ORDER**
MARY BECK BRISCOE, Chief Judge.
   *1 Before the court is plaintiffs' motion seeking
relief from our January 3, 2007 Judgment and
Opinion, as well as our February 13, 2007 Mandate.
We treat plaintiffs' motion as a motion to recall the

mandate, 10th Cir. R. 41.2, and, for the reasons out-
lined below, deny the motion.

I
   Plaintiffs originally filed this 42 U.S.C. § 1983
action in March of 2001 claiming that defendants,
officials of the State of Oklahoma and the Ok-
lahoma Health Care Authority, violated various
provisions of the Medicaid Act by failing to
provide Medicaid-eligible children in the State of
Oklahoma with necessary health care services, in-
cluding early and periodic screening, diagnosis, and
treatment services. Although the district court
found in favor of plaintiffs on some of their claims,
we reversed the judgment of the district court and
remanded with directions to enter judgment in favor
of defendants. *Okla. Chapter of Am. Acad. of Pe-
diatrics v. Fogarty,* 472 F.3d 1208 (10th Cir.2007).
In doing so, we concluded, in pertinent part, "that
the term 'medical assistance,' as employed in [42
U.S.C.] § 13 96a(a)(8) [and (a)(10) ], refers to fin-
ancial assistance rather than to actual medical ser-
vices." *Id* . at 1214 (internal quotation marks and
citation omitted). Consequently, we held "that 42
U.S.C. § 1396a(a)(10) requires a state Medicaid
plan to pay for, but not to directly provide, the spe-
cific medical services listed in the Medicaid Act."
*Id.* at 1209-10.

   We entered judgment in the case on January 3,
2007. Plaintiffs unsuccessfully moved for rehearing
en banc. Our mandate issued on February 13, 2007.
On February 16, 2007, the district court, in accord-
ance with our mandate, entered judgment in favor
of defendants. The Supreme Court subsequently
denied plaintiffs' petition for writ of certiorari.
*Okla. Chapter of Am. Acad. of Pediatrics v. Fogar-
ty,* 552 U.S. 813, 128 S.Ct. 68, 169 L.Ed.2d 17
(2007).

   Approximately three years later, on June 8,
2010, plaintiffs filed the instant motion seeking re-
lief from our January 3, 2007 judgment and our
February 13, 2007 mandate. In support of their mo-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.3d, 2010 WL 3341881 (C.A.10)
(Cite as: 2010 WL 3341881 (C.A.10))

tion, plaintiffs note that Congress enacted the Patient Protection and Affordable Care Act (PPACA). See Pub.L. No. 111-145, 124 Stat. 119 (2010). Section 2304 of the PPACA, plaintiffs note, amended the definition of "medical assistance" set forth in the Medicaid Act, 42 U.S.C. § 1396d(a), to read as follows:

The term "medical assistance" means payment of part or all of the cost of the following care and services, <or the care and services themselves, or both,>....

(amendment in bracketed bold text). This section, along with the balance of the PPACA, went into effect on March 23, 2010. Plaintiffs allege, citing comments from a House Energy and Commerce Committee report that preceded enactment of the PPACA, that this amendment was intended " '[t]o correct any [judicial] misunderstandings as to the meaning of the term,' " and " 'to conform th[e] definition to the longstanding administrative use and understanding of the term.' " Mot. at 5 (quoting H.R.Rep. No. 111-299, at 694). In short, plaintiffs argue, "Congress ... unmistakably clarified that [our] opinion in [this case] was based upon a 'misunderstanding' of the meaning of 'medical assistance.' " Id. at 6.

## II

*2 Plaintiffs rely exclusively on Federal Rule of Civil Procedure 60(b)(6) as the basis for their motion. But neither plaintiffs nor defendants have addressed the threshold question of whether Rule 60(b)(6) can be invoked in this court. Because the standards for granting a Rule 60(b)(6) motion are substantially similar to the standards for granting a motion to recall a mandate, and because those standards have not been met here, we will simply assume, without deciding, that Rule 60(b)(6) can be invoked here. See Calderon v. Thompson, 523 U.S. 538, 549-50, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (recognizing the "inherent power" of courts to recall a mandate, but emphasizing it is "to be held in reserve against grave, unforeseen contingencies"); Ute Indian Tribe of the Uintah & Ouray Re-

servation v. Utah, 114 F.3d 1513, 1522 (10th Cir.1997) (emphasizing "the power to recall or modify a mandate is limited and should be exercised only in extraordinary circumstances.").

"Rule 60(b) ... provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of the case, under a limited set of circumstances." United Student Aid Funds, Inc. v. Espinosa, --- U.S. ----, 130 S.Ct. 1367, 1376, 176 L.Ed.2d 158 (2010) (internal quotations and citations omitted). Generally speaking, "such relief is extraordinary and may only be granted in exceptional circumstances." Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir.2000) (internal quotations omitted).

The specific clause of Rule 60(b) relied on by plaintiffs, (b)(6), authorizes a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). "Courts have found few narrowly-defined situations that clearly present 'other reasons justifying relief' " under Rule 60(b)(6). 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2864 at 351-52 (2d ed.1995). And, of particular note here, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)...." Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997).

After reviewing the parties' briefs in this matter, we are not persuaded that Congress's recent amendment to the Medicaid Act's definition of the term "medical assistance" is the type of extraordinary circumstance that warrants relief under Rule 60(b)(6). Our January 3, 2007 published opinion and corresponding final judgment in this case was intended as our "final word," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 n. 14, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), on the then-existing definition of the term "medical assistance," as used in the Medicaid Act. The fact that Congress has now amended the statutory definition does nothing to call into question our interpretation

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.3d, 2010 WL 3341881 (C.A.10)
(Cite as: 2010 WL 3341881 (C.A.10))

of the prior definition, let alone justify the extraordinary relief sought by plaintiffs in their motion. Plaintiffs' suggestion, in reliance on the legislative history of the amendment, that Congress did not agree with our interpretation of the prior definition, carries no weight. The actual text of the amendment contains no indication that it was intended to operate retroactively, let alone function as the basis for granting relief from long-final judicial decisions. And it is understandable why Congress chose not to include any such language in the actual text of the amendment: the Supreme Court has made clear that, "[h]aving achieved finality, ... a judicial decision becomes the last word of the judicial department with regard to a particular case or controversy, and Congress may not declare by retroactive legislation that the law applicable to that very case was something other than what the courts said it was." *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 227, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (emphasis omitted). In other words, we presume that Congress was well aware, given the holding in *Plaut,* that the amendment could not operate to call into question the finality of our judgment in this case.

*3 Plaintiffs' Rule 60(b)(6) motion for relief from final judgment, which we treat as a motion to recall the mandate, is DENIED.

C.A.10,2010.
Oklahoma Chapter of American Academy of Pediatrics v. Fogarty
Not Reported in F.3d, 2010 WL 3341881 (C.A.10)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.